Judge Owslev
delivered thg opinion of the court.
This was an ejectment brought by the appellants in the the court below, to recover the possession of a lot of ground in the town of Louisville.
The title is admitted once to have been in the ances-appellants, but is now claimed by the appellee, through a sale and conveyance made by a former sheriff of county, under a writ of fieri facias; and whether the purchaser gained a title under the sale a^cl conveyance, ™a'n <lU6Sti0n now presented for consideration,
That the title passed, we apprehend will be abundantly obvious, from a slight attention to the laws subjecting lands *° payment of debts, which had been enacted previous to ihe sale which the claims,
By the act of 1792, (1 Lit. 128,) the first upon the subject, lands were made liable to be taken and sold by virtue of writs of fieri facias, in satisfaction of all judgments whatever. And by the 3d section of an act, passed at the next session of the legislature, (1 Lit. 210,) so much of the former act as subjected lands to execution for judgments obtained on contracts made and entered into before the 17th day of Dec. 1792, was repealed.
Thus stood the law until February, 1798, when an act to reduce into one the several laws subjecting lands to the payment of dbbts, was enacted. (2 Litt. 334.) But by this act there was no material alteration made in relation to ■the question now udder consideration.
Wickliffe ÍQí appellants, Hardin, Liitdl and Pope for ap-pellee.
¡Under the.acts of 1792 and 3, then, there can be no question but lands might be sold in virtue of any writ of fieri facias, which should issue upon a judgment not obtained upon a contract entered into before Dec. 1792.
In deciding the present case, therefore, it is only necessary to enquire whether the execution, under which the sale was made, issued upon a judgment obtained on a contract entered into before 1792; for if it did not, from what has been already observed, it will be readily perceived, whatever character the contract may be made to assume, the title must have passed to the purchaser.
That the execution did not issue upon a judgment obtained upon a contract entered into before 1792, will be readily perceived, from the suggestion in the record, of its having emanated on a bond given for the delivery of property in 1797, but which had not bepn complied with.
The delivery bond, it is true, appears to have been taken in consequence of the levy of an execution which had previously issued upon a judgment obtained against a certain Richard Eastin, and Joyce, (his bail) the ancestor of the appellants, upon a contract entered into by Eastin before 1792; but as the levy of that execution, and the taking of the delivery bond, and the failing to comply therewith, were in legal contemplation a satisfaction of the judgment, the execution which subsequently issued on the bond, cannot be said to have issued upon that judgment, nor the land sold to satisfy it; but as in the language of the law such bonds have the force of judgments, it was in satisfaction of that constructive judgment, the execution issued, and the sale was made.
As, therefore, the execution under which the appellee claims, appears not to have issued upon a judgment obtained oi} a contract prior to 1792, the officer had clearly an authority to sell the land of Joyce, and as such the title by the sheriff’s deed, passed to the purchaser.
The judgment of the court below must, therefore be affirmed with cost.